2017R00221/JSF/SS/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty, U.S.D.J. |
| v. | : | Crim. No. 19-247 (KM) |
| NADIA LEVIT A/K/A NADIA YAKUSHEVA, | : | CONSENT JUDGMENT OF FORFEITURE (*MONEY* |
| | : | *JUDGMENT*) AND PRELIMINARY |
| Defendant. | | ORDER OF FORFEITURE |
| | : | (*FINAL AS TO THE DEFENDANT*) |

On or about September 25, 2019, pursuant to a plea agreement with the United States, defendant Nadia Levit a/k/a Nadia Yakusheva ("Levit" or the "defendant") pleaded guilty to three counts of the Indictment, specifically, *Count One*, conspiracy to violate the Federal Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371; *Count Six*, Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349; and *Count Seven*, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349.

In the plea agreement, the defendant agreed to forfeit to the United States of America:

    (a)    pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, LEVIT obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offenses charged in Counts One and Six of the Indictment, and all property traceable to such property, which LEVIT agrees was

approximately $4,604,679.91 for Count One and approximately $4,604,679.91 for Count Six; and

(b)     pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, that which constitutes or is derived from proceeds LEVIT obtained that are traceable to the wire fraud conspiracy offense charged in Count Seven of the Indictment, which LEVIT agrees was approximately $4,604,679.91.

In the plea agreement, LEVIT further agreed that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $4,604,679.91 (the "Money Judgment").

In the plea agreement, the defendant further agreed to forfeit to the United States all of her right, title, and interest in the specific property listed on Exhibits A, B, and C hereto, which the defendant admits had the requisite nexus to the offenses to which LEVIT pleaded guilty, and property traceable to such property.[1]

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at

---

[1]  For the avoidance of doubt, the plea agreement further provided that the defendant understood and agreed that the list of property on Exhibits A, B, and C hereto does not include all of the property she is required to forfeit; and that she is obligated under the plea agreement to forfeit all of her right, title, and interest in all property she obtained (i) that constitutes or is derived from gross proceeds traceable to the federal health care fraud offenses charged in Counts One and Six of the Indictment; and (ii) that constitutes or is derived from proceeds traceable to the wire fraud conspiracy offense charged in Count Seven of the Indictment; as well as substitute assets as necessary to satisfy the Money Judgment.

sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged she understood that the criminal forfeiture to which she consented is part of the sentence that may be imposed in this case; waived any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of her assets will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Having considered the plea agreement and the record as a whole, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### *Money Judgment*

1.     All property, real or personal, LEVIT obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offenses charged in Counts One and Six of the Indictment, and all property traceable to such property, which LEVIT agrees was approximately $4,604,679.91 for Count One of the Indictment, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2.     All property, real or personal, that which constitutes or is derived from proceeds LEVIT obtained that are traceable to the wire fraud conspiracy

offense charged in Count Seven of the Indictment, which LEVIT agrees was approximately $4,604,679.91, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.      The defendant having conceded that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the aggregate value of the above-described forfeitable property, which was $4,604,679.91 (the "Money Judgment"). A Money Judgment in the amount of $4,604,679.91 is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7) and (b), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

4.      All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

5.      All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($4,604,679.91).

6.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Forfeited Specific Property*

7.      As a further result of the defendant's conviction of the offenses charged in Counts One, Six, and Seven of the Indictment, pursuant to U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest the specific property listed on Exhibits A, B, and C hereto, which the defendant admits had the requisite nexus to the offenses to which LEVIT pleaded guilty, and all property traceable to such property (the "Specific Property"), is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

9.      Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

11.     Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

12.     Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

13.     Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

### *Other Provisions*

14.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

15.     This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

16.     The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $4,604,679.91.

17.     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated:  Newark, New Jersey
        September 15 , 2019

HONORABLE KEVIN McNULTY
United States District Judge

-7-

*The undersigned hereby consent to the form and entry of this Order:*

RACHAEL A. HONIG
Attorney for United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

_____                    Dated: 9/25/19

By:  J. STEPHEN FERKETIC
By: SEAN M. SHERMAN
      BARBARA A. WARD
      Assistant United States Attorneys

_____                    Dated: 9.25.19.

JAMES KOUSOUROS, ESQ.
Attorney for Defendant

_____                    Dated: 9.25.19

NADIA LEVIT, a/k/a Nadia Yakusheva
Defendant

-8-

## United States v. Nadia Levit
## Exhibit A

1.  All funds and other property on deposit in the accounts listed in Exhibit B hereto.

2.  All funds formerly on deposit in certain accounts held in the name of the entities listed in Exhibit C hereto.

3.  One Rolex women's watch.

4.  One Rolex men's watch.

5.  All right, title, and interest in approximately $264,600 in U.S. currency seized from 25 Prides Lane, Englishtown, New Jersey on or about April 17, 2019.

6.  All right, title, and interest in the real property and appurtenances known as 1061 Roseberry Court, Morganville, New Jersey 07751, more particularly described as Block 176, Lot 7, APN 3000176000000007C1061, on the tax map of Marlboro Township, Monmouth County, New Jersey.

7.  All rental payments, less the amounts reasonably needed for the payment of property taxes, homeowner's insurance, association fees, and maintenance costs, relating to the real property and appurtenances known as 1061 Roseberry Court, Morganville, New Jersey 07751, from February 25, 2019 until the date of sale.

8.  All right, title, and interest of Nadia Levit and 18 Homestead LLC in the real property and appurtenances known as 18 Homestead Drive, Matawan, New Jersey 07747, more particularly described as Block 11256, Lot 18, APN 1511256 00018, on the tax map of Old Bridge Township, Middlesex County, New Jersey.

9.  All rental payments, less the amounts reasonably needed for the payment of property taxes, homeowner's insurance, association fees, and maintenance costs, relating to the real property and appurtenances known as 18 Homestead Drive, Matawan, New Jersey 07747, from November 21, 2018 until the date of sale.

10. All property traceable to approximately $252,118.32 in payments made from January 2016 to October 2018 on the mortgage on the real property and appurtenances known as 25 Prides Lane, Englishtown, New Jersey 07726, more particularly described as Block 299, Lot 67.02, APN 3000299 00067 02 on the tax map of Monmouth County, New Jersey, and all property traceable thereto, including but not limited to the proportional appreciation of such real property.

United States v. Nadia Levit
Exhibit B, p. i of ii

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | AIN | Account Name | Bank | Account No. | Seizure Date | Seized Amount |
| 2 | 19-FBI-003611 | D2D Power Sales, Inc. | Bank of America | 8915 | 4/9/2019 | $655,803.54 |
| 3 | 19-FBI-003612 | Empire Medical Equipment and Supplies, Inc. | Bank of America | 2244 | 4/9/2019 | $738.15 |
| 4 | 19-FBI-003613 | Empire Medical Equipment and Supplies, Inc. | Bank of America | 2200 | 4/9/2019 | $102.69 |
| 5 | 19-FBI-003614 | Prime Medical Supply IV, LLC | Bank of America | 4390 | 4/9/2019 | $4,108.82 |
| 6 | 19-FBI-003615 | Life Med Solutions | Bank of America | 9675 | 4/9/2019 | $417,781.09 |
| 7 | 19-FBI-003616 | Matawan HME, Inc. | Bank of America | 9769 | 4/9/2019 | $243,935.64 |
| 8 | 19-FBI-003617 | Freehold DME, Inc. | Bank of America | 9847 | 4/9/2019 | $252,693.03 |
| 9 | 19-FBI-003618 | Best Med Supply | Bank of America | 4839 | 4/9/2019 | $189,053.59 |
| 10 | 19-FBI-003619 | Biomechanic Medical Solutions, Inc. | Bank of America | 3191 | 4/9/2019 | $162,738.72 |
| 11 | 19-FBI-003620 | Nationwide Medical, LLC | BB&T Bank | 9033 | 4/9/2019 | $12,619.32 |
| 12 | 19-FBI-003624 | Embrace Medical, Co. | Ent Federal Credit Union | 632C | 4/9/2019 | $66,450.38 |
| 13 | 19-FBI-003624 | Embrace Medical, Co. | Ent Federal Credit Union | 632C | 4/9/2019 | $10,045.03 |
| 14 | 19-FBI-003626 | Link Wellness Centers, LLC | SunTrust Bank | 1903 | 4/9/2019 | $971.01 |
| 15 | | MBW Billing Services, Inc. | JPMChase Bank | 1282 | 6/5/2019 | $331,806.00 |
| 16 | 19-FBI-003642 | Nadia Levit | Bank of America | 7500 | 4/9/2019 | $68,502.87 |
| 17 | 19-FBI-003643 | Nadia Levit | Bank of America | 3121 | 4/9/2019 | $424,875.00 |
| 18 | TBD | Nadia Levit, National Medical Solutions, Nadia Levit, Trustee | LPL Financial | 5349 | | |
| 19 | TBD | Oleg Levit (Federated Investors) | LPL Financial | -1272 | | |
| 20 | TBD | Oleg Levit | LPL Financial | 8145 | | |
| 21 | TBD | Oleg Levit, Custodian for MINOR CHILD #1 UTMA/NJ | LPL Financial | 1482 | | |
| 22 | TBD | Nikolay Yakushev, National Medical Solutions, Nadia Levit, Trustee | LPL Financial | 1027 | | |
| 23 | TBD | Yevgeniya Yakusheva, National Medical Solutions, Nadia Levit, Trustee | LPL Financial | 6795 | | |

United States v. Nadia Levit
Exhibit B, p. ii of ii

|  | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | AIN | Account Name | Bank | Account No. | Seizure Date | Seized Amount |
| 24 |  | Nadia Yakusheva, Oleg B. Levit | Citibank | █ 5161 |  |  |
| 25 |  | *Any and all accounts at JPMChase Bank held in the names of Nadia Levit, Oleg Levit, and/or MINOR CHILD #1, including:* |  |  |  |  |
| 26 |  | Oleg Levit | JPMChase | █ 5161 |  |  |
| 27 |  | MINOR CHILD #1 | JPMChase | █ 4278 |  |  |
| 28 |  | MINOR CHILD #1 Irrevocable Trust | JPMChase | █ 0385 |  |  |

## United States v. Nadia Levit

## Exhibit C

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | AIN | Account Name | Bank | Account No. | Amount | Description |
| 1 2 | | Life Med Solutions | Bank of America | ▓▓-9675 | | All funds deposited into account after execution of seizure warrant issued 4/9/19 |
| 3 | | Matawan HME, Inc. | Bank of America | ▓▓9769 | $158,652.00 | Proceeds of Bank of America cashier's check no. 1348400 dated 6/19/19 for $158,652.00, representing funds deposited into account after execution of seizure warrant. |
| 4 | | Matawan HME, Inc. | Columbia Bank | | $174,446.29 | Proceeds of Columbia Bank cashier's check no. 90455 dated 9/7/19 for $174,446.29, representing funds deposited into account held in  the name of Matawan HME Inc. |
| 5 | | Freehold DME, Inc. | Bank of America | ▓▓9847 | $85,950.67 | Proceeds of Bank of America cashier's check no. 1352273 dated 7/10/19 for $85,950.67, representing funds deposited into account after execution of seizure warrant. |
| 6 | | Freehold DME, Inc. | Columbia Bank | | $98,874.93 | Proceeds of Columbia Bank cashier's check no. 90453 dated 9/7/19 for $198,874.93, representing funds deposited into account held in  the name of Freehold DME Inc. |