

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street
Newark, New Jersey   07102

December 13, 2019

**VIA EMAIL**

David Touger, Esq.
Peluso & Touger, LLP
70 Lafayette Street, #2
New York, NY   10013
dtouger@pelusoandtouger.com

Re: <u>Plea Agreement with David Rae</u>
   Crim. Nos. 19-247 & 19-895 (KM)

Dear Mr. Touger:

      This letter sets forth the plea agreement between your client, David Rae ("RAE"), the United States Attorney for the District of New Jersey, ("this Office"). This Office's offer to enter into this plea agreement will expire on December 20, 2019, if a signed copy is not received by this Office on or before that date.

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from RAE to two counts of the Indictment, Criminal No. 19-247 (KM) (the "19-247 Indictment"), charging him with, in Count Eight, Conspiracy to Commit International Money Laundering, in violation of Title 18, United States Code, Section 1956(h), and in Count Nine, Money Laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2; and Count One of the Indictment, Criminal No. 19-895 (KM) (the "19-895 Indictment") charging him with money laundering, in violation of Title 18 United States Code, Section 1956(a)(3), which will be transferred pursuant to Fed. R. Crim. Proc. 20 to the United States District Court for the District of New Jersey. If RAE enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RAE for his role in an international money laundering

scheme involving Neil John Aaron Williamsky and others occurring from in or around August 2018 through in or around April 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, RAE agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by RAE may be commenced against him, notwithstanding the expiration of the limitations period after RAE signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) to which RAE agrees to plead guilty in Count Eight of the 19-247 Indictment carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $500,000, or (2) twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer.

The violation of 18 U.S.C. § 1956(a)(3)(B) to which RAE agrees to plead guilty in Count Nine of the 19-247 Indictment carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer.

The violation of 18 U.S.C. § 1956(a)(3)(B) to which RAE agrees to plead guilty in Count One of the 19-895 Indictment carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon RAE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence RAE ultimately will receive.

Further, in addition to imposing any other penalty on RAE, the sentencing judge: (1) will order RAE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order RAE to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1); and (4) pursuant to 18 U.S.C. § 3583, may require RAE to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should RAE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RAE may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RAE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RAE's activities and relevant conduct with respect to this case.

## Stipulations

This Office and RAE agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possess as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or RAE from any other portion of this agreement, including any other stipulation. If the sentencing court rejects

a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RAE waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, RAE agrees to forfeit the following to the United States of America:

(a) pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering conspiracy offense charged in Count Eight of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $1,650,000.

(b) pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offense charged in Count Nine of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $50,000.

(c) pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offense charged in Count One of the 19-895 Indictment, and all property traceable to such property, which RAE agrees was approximately $75,000.

RAE further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described in paragraphs (a), (b), and (c) above, for an aggregate value of $1,775,000 (the "Money Judgment"). RAE consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to

sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. RAE further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

RAE further agrees to forfeit all of his right, title, and interest in the property listed on the attached Schedule B, which RAE admits has the requisite nexus to the offenses charged in Counts Eight and Nine of the 19-247 Indictment and Count One of the 19-895 Indictment and is therefore are forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(1) (the "Specific Property"). For the avoidance of doubt, RAE understands and agrees that the list of property on Schedule B does not include all of the property he is required to forfeit. RAE further understands and agrees that he is obligated under this plea agreement to forfeit (i) all property involved in the money laundering offenses charged in Counts Eight and Nine of the 19-247 Indictment; (ii) all property involved in the money laundering offense charged in Count One of the 19-895 Indictment; and (iii) all property traceable to such property; and (iv) substitute assets as necessary to satisfy the Money Judgment. Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof.

RAE further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(A). RAE agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent RAE has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. RAE further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

RAE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. RAE understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. RAE waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of RAE's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

RAE further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If RAE fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determine that RAE has intentionally failed to disclose assets on his Financial Disclosure Statement, RAE agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that this Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case this Office believe that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

## Immigration Consequences

RAE understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making his deportable, excludable, or inadmissible, or ending his naturalization. RAE

understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RAE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. RAE understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, RAE waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RAE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against RAE.

No provision of this agreement shall preclude RAE from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that RAE received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between RAE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Rachael Honig
Attorney for the United States
Acting Under Authority Conferred
By 28 U.S.C. § 515

By: *[signature]*

J. STEPHEN FERKETIC
SEAN M. SHERMAN
Assistant U.S. Attorneys

APPROVED:

*[signature]*

MELISSA WANGENHEIM
Chief, Opioid Abuse Prevention
 & Enforcement Unit

    I have received this letter from my attorney, David Touger, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____       Date: 12/19/19
David Rae


    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 12/19/19
David Touger, Esq.

<283>

Plea Agreement With David Rae ("RAE")

Schedule A

1. This Office and RAE recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and RAE nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence RAE within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and RAE further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

## The 19-247 Indictment
### Count Eight
(Conspiracy to Commit International Money Laundering)

3. The applicable guideline is U.S.S.G. § 2S1.1(a)(2), which specifies that the base offense level is 8, plus the number of offense levels from the table in § 2B1.1 corresponding to the value of the laundered funds.

4. Because the amount of laundered funds is more than $1,500,000, but less than $3,500,000, warranting an increase in 16 levels pursuant to U.S.S.G. §§ 2B1.1 and 2S1.1(a)(2), the base offense level is 24.

5. Because the defendant will be convicted under 18 U.S.C. § 1956, a two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

6. A two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(3) because the offense involved sophisticated laundering.

7. No other specific offense characteristics apply. Accordingly, the offense level for Count Eight is 28.

### Count Nine
(Money Laundering)

8. The applicable guideline is U.S.S.G. § 2S1.1(a)(2), which specifies that the base offense level is 8, plus the number of offense levels from the table in § 2B1.1 corresponding to the value of the laundered funds.

9. Because the amount of laundered funds is more than $40,000, but less than $95,000, warranting an increase in 6 levels pursuant to U.S.S.G. §§ 2B1.1 and 2S1.1(a)(2), the base offense level is 14.

10. Because the defendant will be convicted under 18 U.S.C. § 1956, a two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

11. A two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(3) because the offense involved sophisticated laundering.

12. No other specific offense characteristics apply. Accordingly, the offense level for Count Nine is 18.

### The 19-895 Indictment
### Count One
(Money Laundering)

13. The applicable guideline is U.S.S.G. § 2S1.1(a)(2), which specifies that the base offense level is 8, plus the number of offense levels from the table in § 2B1.1 corresponding to the value of the laundered funds.

14. Because the amount of laundered funds is more than $40,000, but less than $95,000, warranting an increase in 6 levels pursuant to U.S.S.G. §§ 2B1.1 and 2S1.1(a)(2), the base offense level is 14.

15. Because the defendant will be convicted under 18 U.S.C. § 1956, a two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

16. A two-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(3) because the offense involved sophisticated laundering.

17. No other specific offense characteristics apply. Accordingly, the offense level for Count One is 18.

### Grouping of Multiple Counts

18. The Government and RAE agree that, pursuant to U.S.S.G. § 3D1.2(d), Counts Eight and Nine of the 19-247 Indictment and Count One of the 19-895 Indictment group together into a single group.

19. Pursuant to U.S.S.G. § 3D1.3, the offense level applicable to the group is the offense level corresponding to the aggregate quantity of laundered funds. The amount of laundered funds aggregated from Counts Eight and Nine of the 19-247 Indictment and Count One of the 19-895

Indictment is more than $1,500,000, but less than $3,500,000. Thus, the combined offense level is 28.

## Acceptance of Responsibility

20. As of the date of this letter, it is expected that RAE will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and RAE's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

21. As of the date of this letter, it is expected that RAE will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in RAE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) RAE enters a plea pursuant to this agreement, (b) this Office in its discretion determines that RAE's acceptance of responsibility has continued through the date of sentencing and RAE therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) RAE's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

22. In accordance with the above, the parties agree that the total Guidelines offense level applicable to RAE is 25 (the "agreed total Guidelines offense level").

23. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 25 is reasonable.

24. RAE knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal

the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

25. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Plea Agreement With David Rae

### Schedule B

1. Any and all funds and other property in account no. ▮▮▮74USD0001 at ANZ Bank of New Zealand in the name of Sympatic Global Solutions Limited Partnership; and

2. All funds on deposit in account no. ▮▮▮3838 at Hong Kong & Shaghai Bank, Hong Kong, People's Republic of China, in the name of Cargill Consulting Ltd.