2017R00221/JSF/SS/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------- :

UNITED STATES OF AMERICA :    Hon. Kevin McNulty, U.S.D.J.

v. :    Crim. No. 19-247 (KM)

DAVID RAE, :

          Defendant. :

---------------------------------------------- :

UNITED STATES OF AMERICA :    Hon. Kevin McNulty, U.S.D.J.

v. :    Crim. No. 19-895 (KM)

DAVID RAE, :

          Defendant. :

---------------------------------------------- :

**CONSENT JUDGMENT OF FORFEITURE (MONEY JUDGMENT) AND
PRELIMINARY ORDER OF FORFEITURE (FINAL AS TO THE DEFENDANT)**

On or about December 19, 2019, pursuant to a plea agreement with the United States, defendant David Rae ("Rae" or the "defendant") pleaded guilty to (i) two counts of Indictment No. 19-cr-247-KM (the "19-247 Indictment"), specifically, *Count Eight*, conspiracy to commit international money laundering, in violation of Title 18, United States Code, Section 1956(h), and *Count Nine*, money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B); and (ii) Count One of

Indictment No. 19-cr-300 filed in the United States District Court for the District of South Carolina, which charges him with money laundering, in violation 18 U.S.C. § 1956(a)(3).   The South Carolina Indictment was transferred to the United States District Court for the District of New Jersey for plea and sentencing pursuant to Fed. R. Crim. P. 20, and was assigned Case No. 19-cr-895-KM (the "19-895 Indictment").

In the plea agreement, the defendant agreed to forfeit to the United States of America:

> (a)  pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering conspiracy offense charged in Count Eight of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $1,650,000;
>
> (b)  pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offense charged in Count Nine of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $50,000; and
>
> (c)  pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offense charged in Count One of the 19-895 Indictment, and all property traceable to such property, which RAE agrees was approximately $75,000.

In the plea agreement, RAE further agreed that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $1,775,000 (the "Money Judgment").

In the plea agreement, the defendant further agreed to forfeit to the United States all of his right, title, and interest in the specific property listed on Exhibit A hereto, which the defendant admits had the requisite nexus to the offenses to which Rae pleaded guilty, and property traceable to such property.[1]

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the criminal forfeiture to which he consented is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.  The defendant further acknowledged that any forfeiture of his assets will not be treated as

---

[1]  For the avoidance of doubt, the plea agreement further provided that the defendant understood and agreed that the list of property on Exhibit A does not include all of the property he is required to forfeit; and that he is obligated under the plea agreement to forfeit all of his right, title, and interest in all property involved in the money laundering conspiracy offense charged in Count Eight of the 19-247 Indictment; all property, real or personal, involved in the money laundering offense charged in Count Nine of the 19-247 Indictment; and all property, real or personal, involved in the money laundering offense charged in Count One of the 19-905 Indictment; and all property traceable to such property.

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement and the record as a whole, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### ***Money Judgment***

1.     All property involved in the money laundering conspiracy offense charged in Count Eight of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $1,650,000, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1).

2.     All property involved in the money laundering offense charged in Count Nine of the 19-247 Indictment, and all property traceable to such property, which RAE agrees was approximately $50,000, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1).

3.     All property involved in the money laundering offense charged in Count One of the 19-895 Indictment, and all property traceable to such property, which RAE agrees was approximately $75,000, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1).

4.     The defendant having conceded that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the aggregate value of the above-described forfeitable property, which was $1,775,000 (the "Money Judgment"). A Money Judgment in the amount of $1,775,000 is hereby entered against the

defendant, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

5.     All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

6.     All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p).  The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law.  The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($1,775,000).

7.     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Forfeited Specific Property*

8.     As a further result of the defendant's conviction of the offenses charged in Counts Eight and Nine of the 19-247 Indictment, and Count One of the 19-895 Indictment, pursuant to U.S.C. § 982(a)(7), 18 U.S.C. § 982(a)(1), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest the specific property listed on Exhibit A hereto, which the defendant admits had the requisite nexus to the offenses to which Rae pleaded guilty, and all property traceable to such property (the "Specific Property"), is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

9.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

10.     Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.     Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must

-6-

be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

12.    Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

13.    Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

14.    Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

***Other Provisions***

15.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

16.    This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

17.    The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $1,775,000.

18.    This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated:  Newark, New Jersey
        December 19 , 2019

HONORABLE KEVIN McNULTY
United States District Judge

## EXHIBIT A

1.  Any and all funds and other property in account no. 74USD0001 at ANZ Bank of New Zealand in the name of Sympatic Global Solutions Limited Partnership; and

2.  All funds on deposit in account no. 3838 at Hong Kong & Shanghai Bank, Hong Kong, People's Republic of China, in the name of Cargill Consulting Ltd.

*The undersigned hereby consent to the form and entry of this Order:*

RACHAEL A. HONIG
Attorney for United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

By: J. STEPHEN FERKETIC
    SEAN M. SHERMAN
    BARBARA A. WARD
    Assistant United States Attorneys

Dated: 12/19/19

By: DAVID TOUGER, ESQ.
Attorneys for Defendant

Dated: 12/19/19

DAVID RAE, Defendant

Dated: 12/19/19